(No. 14150.—Decree affirmed.)

JAMES W. TWITCHELL, *et al.* Defendants in Error, *vs.* THE ROSICLARE LEAD AND FLUOR SPAR MINING COMPANY, Plaintiff in Error.

*Opinion filed February 22, 1922—Rehearing denied April 6, 1922.*

1. LIMITATIONS—*notice of adverse possession amounting to disseizin is necessary before statute will run against co-tenant.* A tenant in common may acquire title under the Statute of Limitations against a co-tenant where there is possession of the land, provided notice is given in some way to the co-tenant that an adverse possession is being asserted against him; but there must be such outward acts of exclusive ownership as amount to a disseizin of the co-tenant, and until such disseizin the Statute of Limitations will not begin to run.

2. SAME—*act of one co-tenant in receiving and recording deed is not notice of an adverse claim.* The mere act of one tenant in common receiving and recording a deed to unoccupied land gives no notice that an adverse claim is being asserted by him against co-tenants having an equal present right of possession and will not start the running of the seven year Statute of Limitations in his favor.

DUNN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. JULIUS C. KERN, Judge, presiding.

CHARLES DURFEE, (CLARENCE E. SOWARD, of counsel,) for plaintiff in error.

JOHN C. OXFORD, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James W. Twitchell, Benjamin E. Twitchell, Robert Twitchell and L. F. Twitchell filed their bill in the circuit court of Hardin county for partition of the southeast quarter of the southeast quarter of section 21, township 12,

range 8, and an accounting for timber cut by the Rosiclare Lead and Fluor Spar Mining Company. That company and Carrie H. Withers and Lucille McLain VanPatten were made defendants under averments that they had interests in the premises, the interest of Mrs. VanPatten being subject to the dower interest of her mother, Myra H. Long. The bill alleged that each of the four complainants was the owner of 5/140ths, Carrie H. Withers of 20/140ths, Mrs. VanPatten of 4/140ths, and the Rosiclare Lead and Fluor Spar Mining Company of 96/140ths of the land. Carrie H. Withers and Mrs. VanPatten answered the bill, admitting its averments. The Rosiclare Lead and Fluor Spar Mining Company answered, neither admitting nor denying the title of the complainants but denying that Carrie H. Withers, Mrs. VanPatten or Myra H. Long had any interest or title in the premises on the ground that it had acquired their title under the Statute of Limitations of seven years, by which one having color of title made in good faith to vacant and unoccupied lands who shall pay the taxes for seven years shall be adjudged the legal owner according to the purport of his or her paper title. The evidence was heard by the chancellor, who found the title as alleged in the bill and decreed accordingly. The Rosiclare Lead and Fluor Spar Mining Company sued out of this court a writ of error, and the record has been returned in answer to the writ.

There were a great many conveyances as well as title by inheritance of various undivided interests in the tract of land, and a recital of them would make a long story without corresponding benefit. All the parties claimed title from John Johnson as a common source. On July 6, 1872, he conveyed an undivided six-sevenths to J. H. Barrett, J. McLain, W. McLain, T. W. Taylor, P. Burbank and J. E. Withers, each taking an undivided one-seventh. The undivided one-seventh retained by Johnson passed to the four complainants, so that each owned an undi-

vided 5/140ths. The undivided one-seventh of J. E. Withers passed to Carrie Withers, giving her 20/140ths, and a portion of the interest of J. McLain passed to Mrs. Van-Fatten, giving her 4/140ths, subject to the dower of her mother, Myra H. Long. The Rosiclare Lead and Fluor Spar Mining Company had title to 96/140ths, and claimed title to the interests of co-tenants under the Statute of Limitations.

There are two material questions presented in argument: First, whether the plaintiff in error acquired title by the seven-year Statute of Limitations; and second, whether there was a want of proper parties.

The answer to the first question is, no. The land was vacant and unoccupied until 1919, when the plaintiff in error took possession and began getting timber. The plaintiff in error and those from whom it claimed had paper title from 1904 to 1919 to an undivided six-sevenths of the whole tract of land, and it was stipulated that it and its grantors, remote and direct, beginning with Charles R. Montgomery in 1904, paid the taxes on the undivided six-sevenths of the land, and during the same time Lafayette Twitchell and his heirs-at-law had paid taxes on the undivided one-seventh. Plaintiff in error owned an undivided interest, and it has been held that a tenant in common may acquire title under the Statute of Limitations against a co-tenant where there is possession of the land, provided notice is given in some way to the co-tenant that an adverse possession is being asserted against him. There must be such outward acts of exclusive ownership as give notice that an adverse possession is intended, so that the possession amounts to a disseizin of the co-tenant, and until such disseizin the statute has not begun to run. (*Lavalle* v. *Strobel,* 89 Ill. 370; *Littlejohn* v. *Barnes,* 138 id. 478; *McMahill* v. *Torrence,* 163 id. 277; *Kotz* v. *Belz,* 178 id. 434; *Hall* v. *Waterman,* 220 id. 569; *Long* v. *Morrison,* 251 id. 143; *Stowell* v. *Lynch,* 269 id. 437.) Whether there can

be any act by a tenant in common amounting to a disseizin of a co-tenant,—regarding seizin as a present right of possession,—where lands are vacant and unoccupied, it is clear that in this case there was nothing to even give notice of an adverse claim. The conveyances under which the plaintiff in error claimed were for only six-sevenths and did not cover the whole title, so that there was nothing to show the Withers one-seventh was included in the six-sevenths. Aside from that fact, the mere receiving and recording of a deed gave no notice that an adverse claim was being asserted against co-tenants having an equal present right of possession. There was a failure to establish title under the Statute of Limitations.

The second question argued requires no attention, since there is no assignment of error that there was a want of necessary parties. Counsel refer to testimony of a witness concerning Jackson McLain, through whom the one-seventh interest passed. The witness said concerning him that he was dead and left five sons and one daughter, and he gave the names of five sons and Mrs. Alexander H. Major. The court asked the witness whether Mrs. Major was living and whether she was an heir, and the witness answered, "She is living but not an heir." No further inquiry was made, and the natural inference from what the witness said is, that while Mrs. Major sustained the same relation to McLain as a child, she was not, in fact, his daughter or an heir. There was no explanation by the witness, but it seemed to be understood at the time that she was not an heir and therefore not a necessary party, and the question was not raised so as to call for any explanation.

It is argued that the court erred in admitting in evidence a bill filed in the circuit court of Hardin county by the Interstate Mining Company, through which the plaintiff in error claimed title, in which it only claimed an undivided five-sevenths, and part of a decree in pursuance of the bill, and the objection is that it was not set up in the pleadings.

No objection was made to the admission of the evidence and an objection to it will not now be considered.

The decree is affirmed.   *Decree affirmed.*

Mr. JUSTICE DUNN, dissenting.

---

(No. 14212.—Reversed and remanded.)
CHARLES HARDESTY, Appellee, *vs.* JOSEPH MITCHELL *et al.* Appellants.

*Opinion filed February 22, 1922—Rehearing denied April 6, 1922.*